IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| CYRUS II, LP,. | § § | CASE NO. 05-39857-H1-7 |
| BAHAR DEVELOPMENT, INC. and MONDONA RAFIZADEH | § § § § | (Jointly Administered) (CHAPTER 7) |
| DEBTORS. | § § | |

**RESPONSE TO EXPEDITED MOTION OF ORIX CAPITAL MARKETS, L.L.C.
TO COMPEL RULE 2004 EXAMINATION OF MONDONA RAFIZADEH
AND MOTION FOR SANCTIONS**

Mondona Rafizadeh ("Mondona" or "Debtor"), through the undersigned counsel, files this Response to the Expedited Motion to Compel her Rule 2004 Examination and asks for Sanctions against Orix's Counsel, respectfully showing the Court as follows:

1. Orix Capital did not confer before filing the Motion to Compel. Under Bankruptcy Local Rule 2004, such a failure is a basis for sanctions. No emergency basis is stated. To the extent a representation was made of an emergency, Mondona submits such an allegation is false.

2. Orix has commenced two contested matters against Mondona - objecting to Mondona's exemptions and moving to lift the stay.[1] It is improper to use a 2004 examination for contested matters. See Fed. R. Bankr. P. 9014.

3. On <u>Saturday</u>, September 10, 2005, Orix sent the undersigned a notice of 2004 Exam (again without conference) for September 15 - giving only 3 business days notice. This notice sought information for use with contested matters such as the Motion to

---

[1] In the Objection to Exemptions, Orix alleges that Mondona has not disclosed an ownership interest in stock, including Flash Vos stock, previously disclosed in a 1999 personal financial statement. (Objection to Exemptions at Paragraph 8). Mondona has fully disclosed to the Trustee that the Flash Vos stock was transferred to Schumann via a seperate property agreement. If Winstead is disqualified or otherwise replaced as a result of the conflict, then another firm may want to pursue the examination of this issue by deposition.

{L:\raf000\00001\0379542.DOC;1\NLJ} 1

Lift Stay. The Response to that notice is attached as Exhibit "A". Once again, Orix sent the 2004 notice without conference, without 10 days notice, and without 5 days to object. These failures are valid reasons to issue for sanctions under BLR 2004, Fed. R. Bankr. P. 7037, and the Court's inherent powers.

4. Given that the Trustee has hired his own counsel to investigate Mondona, and the possibility that Orix' current counsel will be disqualified from continued representation in this matter, it makes no sense to grant the relief. The Trustee will take a deposition when he is ready. It makes no sense to require multiple depositions of the same person. Reason suggests that Orix and the Trustee and Mondona *confer* and agree on a date for a single deposition, as opposed to a swarm of depositions.

5. The "Motion to Compel" is designed primarily for an improper purpose, namely, to multiply proceedings and cause the Debtor to incur expense. The Motion to Compel is part of a string of discovery abuses by Orix's Counsel, to wit:

   a. Orix's Counsel e-mailed the undersigned at 7:45 a.m. on the morning Orix's deposition was scheduled to begin at 9:30, stating that counsel had sent Orix's representative home and that he would not attend. No written objection to Mondona's Deposition Notice was served and no prior notice given.

   b. As shown at the hearing on the Motion to Compel, Orix has regularly withheld documents from production on the basis of relevance alone.

   c. For several weeks, Orix or its counsel has had private investigators engage in around-the-clock surveillance of Mrs. Rafizadeh and her teenage children, parking cars in front of her house and conducting "close up" surveillance, not for legitimate purposes, but to place stress on Mondona

   d. Orix has sent trial subpoenas to Mrs. Rafizadeh to have her appear at the status hearing. This is the same status hearing where counsel disingenuously represented to this Court that entry of a default was proper, notwithstanding an agreement to pass the hearing, and an order converting the hearing to a status conference.

   e. Mondona was summoned to the Deposition of Rick Mushinski by Orix on a moment's notice in an effort to place stress on her. She complied, but her testimony was never taken.

6. Besides the technical failures of the Motion to Compel, there is the practical. The Debtor will be examined, but the deposition should happen in the context of an agreement that comports with the schedule of counsel and the witness. This Court should not issue an order "compelling" her to attend an examination. Instead, the Court should order that Orix confer <u>in good faith</u> with the Trustee's counsel and Debtor's counsel on dates that they are available for a deposition, the subjects of the deposition, and the situations under which the Debtor's mental and physical conditions will be accommodated.

7. Any testimony should be taken as a deposition, not a 2004 examination. There are contested matters and lawsuits pending against Mondona. There will be one filed by Orix objecting to her discharge. Therefore, the testimony ought to be taken once - for use in that suit.

8. Finally, Winstead may be disqualified, in which case we should wait for a determination of the disqualification issue before setting a deposition. Confidential information that is prejudicial if known to the other side does not just mean secrets. It can include "knowledge of [a witness'] personality and other traits that could provide him with an intangible or undefinable advantage in cross-examining her." *United States v. Phillips*, 952 F. Supp. 480, 484 (S.D. Tex. 1996) (Atlas, J.). Mondona is not the alter-ego of Flash Vos. If it were, however, the information obtained by Winstead during their representation of Flash Vos about Mondona's personality could be used against her. For that reason, Winstead should not take her deposition until the alter-ego/conflict issue is settled.

## MOTION FOR SANCTIONS

9. Orix's counsel refuses to confer on discovery issues, or on any motion that it has filed. To encourage compliance with standards of professionalism, the Court should order them to confer on all motions and to pay the Debtor $500 as a sanction.

{L:\raf000\00001\0379542.DOC;1\NLJ} 3

Wherefore, Mondona Rafizadeh asks that the Court Deny Orix Capital's Motion to Compel her 2004 Examination, and sanction Orix's counsel in the amount of $500, and grant such other relief as is just.

Dated: September 20, 2005

Respectfully Submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: *[signature]*
EDWARD L. ROTHBERG
State Bar No. 17313990
HUGH M. RAY, III
State Bar No. 24004246
Eleven Greenway Plaza, Suite 1400
Houston, TX 77046
Telephone:   (713) 961-9045
Facsimile:   (713) 961-5341

ATTORNEYS FOR MONDONA RAFIZADEH

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2005, a true and correct copy of foregoing document was served by the ECF system and/or U.S. Mail upon counsel for the Movant ORIX, Joseph Epstein, and counsel for the United Rafizadeh, Phil Eisenberg, and Rodney Tow, the Chapter 7 Trustee and his Counsel, Charlie Beckham and Blaine Bates.

*[signature]*
Hugh M. Ray, III