# WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
## ATTORNEYS AT LAW

1400 SUMMIT TOWER
ELEVEN GREENWAY PLAZA
HOUSTON, TEXAS 77046-1104
TELEPHONE: (713) 961-9045
FACSIMILE: (713) 961-5341

HUGH M. RAY, III
ASSOCIATE

BOARD CERTIFIED - BUSINESS BANKRUPTCY LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

EMAIL: HRAY@WKPZ.COM

DALLAS/FORT WORTH OFFICE:

1600 EAST PIONEER PARKWAY
SUITE 520
ARLINGTON, TEXAS 76010
TELEPHONE: (817) 795-5046
FACSIMILE: (866) 391-7771

September 14, 2005

Mr. Joseph G. Epstein
Mr. Jeff Joyce
2400 Bank One Center
910 Travis
Houston, Texas 77002

*Via Fax and Mail*

In Re:  Cyrus II, L.P., Bahar Development, Inc, and Mondona Rafizadeh, Debtors; Case No. 05-39857-H1-7 (Jointly Administered); In the United States Bankruptcy Court for the Southern District of Texas

Dear Winstead Attorneys:

Your Notice of 2004 Examination faxed Saturday September 10, 2005 manages to violate most of the rules regarding 2004 examinations by commanding an examination on September 15. You did not confer, not at all, but you simply asked for dates once - before the lift stay hearing was "conditionally withdrawn". It appears that the Lift Stay Motion is still active, as your 2004 exam notice seeks information relevant to those issues.

However, a rule 2004 examination is improper for contested matters (like the lift stay). Please see Rule 9014(c).

The Local Rules also require that a 2004 notice give at least 10 days notice. See BLR 2004(c), which says:

> "Notice. Not less than ten (10) days written notice of a proposed examination shall be given to the entity to be examined, its counsel, and to other affected parties pursuant to BLR 9013(a). The notice shall apprise the party of the scope of the examination and categories of documents to be produced.

Moreover, the 2004 exam is not even "deemed ordered" since you have not given 5 business days notice. See BLR 2004(d) again: "The entity to be examined and other affected parties shall have five (5) business days to respond or object to the proposed examination."

And please review BLR 2004(g) - another provision apparently disregarded by the notice:

> Exception of adversary proceedings. This rule does not apply to adversary proceedings and to contested matters.

{L:\raf000\00001\0379105.DOC;4\HMR}

Orix's Counsel
September 14, 2005
Page 2

    1. The discovery provisions of Part VII of the Bankruptcy Rules apply in adversary proceedings.
    2. FRBP 9014 applies to discovery in contested matters

Your notice does not comply with the rules and is not deemed ordered. Please withdraw it.

Mondona will not appear tomorrow at your office. Given that the Trustee has retained counsel who is taking over investigation and collection for the estate, we will confer with them to coordinate Mondona's 2004 examination. It does not make sense to have multiple, piecemeal, examinations, especially given Orix's reduced role in the case.

                      Sincerely,

                      WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

                      By: _____
                            Hugh M. Ray, III

cc:    Mr. Rodney Tow        (Via e-mail)
        Mr. Phil Eisenberg     (Via e-mail)
        Mr. Schumann Rafizadeh  (Via e-mail)