IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CYRUS II PARTNERSHIP, | § | CASE NO. 05-39857-H1-7 |
| BAHAR DEVELOPMENT, INC., | § | CASE NO. 05-39858-H5-7 |
| AND MONDONA RAFIZADEH, | § | CASE NO. 05-39859-H2-7 |
| | § | (Chapter 7) |
| DEBTORS. | § | |
| | § | Jointly Administered Under |
| | § | Case No. 05-39857-H1-7 |

**RESPONSE TO UNITED RAFIZADEH'S MOTION TO
RECONSIDER ORDER REGARDING DISCOVERY DISPUTE**
[This Pleading Relates to Docket Nos. 80 & 94]

ORIX Capital Markets, L.L.C., as Master and Special Servicer for Wells Fargo Bank, N.A., Trustee ("ORIX") files this Response to the Motion to Reconsider Order Regarding Discovery Dispute filed by United Rafizadeh, L.L.P. and related parties (collectively, "United Rafizadeh").

## I. INTRODUCTION

1. On September 7, 2005, the Court entered an order [docket no. 80] denying a motion filed by United Rafizadeh (the "Order"), which had sought discovery related to ORIX's settlement with UBS Warburg and other satellite issues. United Rafizadeh now asks this Court to reconsider that ruling, but in doing so, makes no effort to distinguish (or even cite) the cases this Court relied on in reaching its conclusion that the materials sought were not relevant. Instead, United Rafizadeh essentially rehashes the same arguments it made previously. As United Rafizadeh presents nothing truly new for the Court to reconsider, and the Court has already considered the substance of United Rafizadeh's arguments, the motion should be denied.

## II. ARGUMENT AND AUTHORITIES[1]

2.  This Court properly concluded that United Rafizadeh is not entitled to any discovery from ORIX related to its settlement with UBS and satellite issues because:

- This case is controlled Louisiana law and under Louisiana law, the Debtors and UBS are not solidary obligors;

- The single satisfaction rule does not apply; and

- Section 509 of the Bankruptcy Code does not apply because no one has paid claims on which the Debtors are liable.

**A.   Under Louisiana Law, Debtors are Not Entitled to a Credit.**

3.  The Court hit the nail on the head citing *Alley v. Chrysler Credit Corp.*, 767 F.2d 138 (5th Cir. 1985) and *Viada v. A&A Machine Works, Inc.*, No. 2005-CA-0210, 2005 WL 1533082 (La. Ct. App. June 15, 2005), in the Order denying United Rafizadeh's discovery motion. In *Alley*, two different companies issued false odometer statements. Yet despite the similarity of the plaintiff's injury, the Fifth Circuit held that, under Louisiana law, the two defendants were not solidary obligors. Likewise, in *Viada*, the court held that an employer's worker's compensation insurer and the employee's uninsured motorist carrier were not solidary obligors, because the two carriers were not obligated to compensate the plaintiff for the same damages.

4.  United Rafizadeh fails to cite any of the cases relied on in the Court's Order—much less attempt to distinguish them—and instead cites rules from a trilogy of cases, without

---

[1] As ORIX noted in its earlier briefing dealing with these same issues, ORIX is not conceding any of the factual allegations made by United Rafizadeh concerning the UBS Settlement and the application of the proceeds of the UBS Settlement. Rather, ORIX's argument is limited to the legal issues because, as noted previously, even if United Rafizadeh were right on the facts—which it is not—it nevertheless would lose on the legal issue because Debtors and UBS were not obligated to repair the same injury.

explaining why those cases should control the outcome of this case.[2] But what all of those cases teach is that solidary liability requires a finding of **coextensive obligations** and that the obligors are required to repair the **same damage**. *See, e.g., Rizer v. American Surety & Fidelity Ins. Co.,* 669 So. 2d 387, 389 (La. 1996). As the Court's Order noted, and as discussed below, *see infra* II.B, the obligations involved here are not coextensive and do not repair the same damage. The damage repaired by the UBS Settlement was the Trust's overpayment of the risk it bought based on the misrepresentations made in connection with the quality of the loans sold to the Trust.[3]

5.  In a footnote, United Rafizadeh claims that "there can be no reasonable dispute that the fraud claims resolved in both the UBS Warburg suit and the Louisiana Litigation were causes of action giving rise to solidary liability. . . ." This argument demonstrates United Rafizadeh's complete failure to comprehend its own argument. In essence, United Rafizadeh claims there is solidary liability *because* Debtors committed fraud. It is this fraud that they claim links the obligations of UBS with those of Debtors. So, presumably, the converse must also be true. In other words, had Debtors not committed fraud to obtain the loan, UBS and Debtors would not be solidary obligors. But the Louisiana trial court found five independent reasons for imposing full recourse liability—only two of which occurred when UBS held the Cyrus loan and therefore only two of which arguably could have anything to do with the representations UBS

---

[2] For example, United Rafizadeh cites *Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166, 1171 n.10 (5th Cir. 1978). In that case, the initial question was whether a defendant, whose liability arose under Louisiana tort law, was liable for the same debt in solido, to another defendant, whose liability arose under the Jones Act. *Id.* at 1168. The Court <u>never resolved this issue</u> and instead dismissed the appeal for reasons having nothing to do with solidary obligations.

[3] On the other hand, Debtors are liable because they signed a note and received $6.4 million. They are personally liable because, among other things, of the fraud they committed to obtain that loan as well as several other post-closing carve outs to no personal liability having nothing to do with UBS.

made to the Trust.[4] Those two are fraud and Debtors' failure to timely make its first payment, which occurred at or before the time UBS held the Cyrus loan.

6. But there can be no argument that UBS and Debtors are solidary obligors with regard to Debtors' failure to permit onsite inspections in 2002 (three years after the loan closed), Debtors' failure to provide financial information (two and three years after the loan closed), or Debtors' failure to maintain and repair the apartments (throughout the life of the loan)—any more than it can be argued that UBS was responsible for making Debtors' monthly mortgage payment.[5]

7. Thus, the only way United Rafizadeh can reach its desired conclusion is to put blinders on with respect to all of the <u>other</u> defaults and recourse triggers—none of which had anything to do with UBS (because the Cyrus loan had already been sold to the Trust years before these breaches and carve outs occurred)—and instead claim that because Debtors committed

---

[4] To be clear, most of the exceptions to no personal liability—including fraud—impose personal liability only to the extent of the loss. "Full recourse," in this context, refers to recourse up to the amount of unpaid principal, together with all other sums due under the loan documents, such as the yield maintenance premium and default interest.

[5] For the convenience of the Court, attached as **Exhibit A** is the Reasons for Judgment, which has been filed previously in connection with this and other issues. The Louisiana court cited a laundry list of carve outs that triggered personal liability, including Debtors' failure to permit inspections, their failure to provide financial information, and the waste of the Property. *See* Exhibit A, Reasons, ¶ III (pp. 44–45); *see also* ¶ III.C (p. 48) ("Cyrus refused ORIX the right of inspection in January 2002. . . . The Note and Guaranty provide that the loan will be **fully recourse** to [Debtors] if Cyrus fails to permit inspections of the Property.") (emphasis in original); ¶ III.D. (p. 48) ("Cyrus likewise failed to provide the requested additional financial information and a plan of remediation to ORIX. . . . Cyrus's failure was systematic and persistent over the course of many months in the face of repeated requests. The Note and Guaranty provide that the loan will be **fully recourse** to [Debtors] if Cyrus fails to provide requested financial information.") (emphasis in original); ¶ III.F (pp. 49–50) ("The Note provides that it will be **fully recourse** to [Debtors] if the Arlington were transferred in violation of section 9 of the Mortgage. . . . As foreshadowed by Mr. Rafizadeh's change of heart . . ., at least two of Cyrus's own documents contradict the Rafizadehs' denials of a transfer to HAAPT."); ¶ III.G (pp. 50–51) ("Mr. Egan stated that the waste damages range 'from $5.2 to $8.6 million in combined physical and economic waste that this Property has suffered.' Mr. Egan's testimony and his reports are both credible and reliable. Most importantly, they are unrebutted.").

**RESPONSE TO UNITED RAFIZADEH'S MOTION TO
<u>RECONSIDER ORDER REGARDING DISCOVERY DISPUTE</u>**                                                                                      Page 4

fraud, they are co-liable with UBS, who failed to discover the fraud, in spite of all of the other reasons for which Debtors were personally liable for the full amount of the deficiency.[6]

**B.  Basic Economics Shows Debtors and UBS Not Obligated to Repair "Same Injury."**

8.  Loans are made every day and every day borrowers agree to pay those loans based on the contract terms. There are also markets which buy and sell some of these loans. In these markets, the amount a buyer pays to purchase a loan is based on a variety of considerations, including the time-value of money, interest rates, and other factors. One of the leading factors which drives the purchase price is the buyer's evaluation of the investment's risk in light of the representations made by the seller. Commonsense teaches there is an inverse relationship between the buyer's perception of the risk and the amount it is willing to pay for the investment, *i.e.*, the less the risk, the more it will pay and vice versa. As a result of this relationship, some loans are sold at a discount and others at a premium.

9.  The Cyrus loan was part of a pool of loans sold by UBS to the Trust. As is the case in loan sales like these, the amount paid by the purchaser—here, the investors in the Trust—was based on the representations made by UBS. So what the UBS Settlement represents is, in substance, an adjustment in the purchase price paid by the Trust for the entire pool of loans—not just the Cyrus loan or any other loan in particular—based on the fact that the pool of UBS loans was a riskier investment than UBS had represented. Nothing more, nothing less. Because

---

[6]  As an aside, United Rafizadeh makes a warmed-over argument of one made by Debtors before trial. On the eve of trial, Debtors filed a motion for summary judgment premised upon the allegations made by ORIX in its Second Amended Petition in the UBS lawsuit. The Louisiana court denied their motion. As the Debtors did there, United Rafizadeh here continues to misrepresent the facts of the UBS lawsuit. On page 4 of their brief, they suggest that the UBS Settlement was based on allegations from the Second Amended Petition, including, in substance, allegations that Debtors provided UBS with accurate information about the Arlington Apartments' income and occupancy levels. But the most recent petition is the Eighth Amended Petition. A file-stamped copy of that document is attached as **Exhibit B**. This petition drops the allegation that the Rafizadehs provided anyone with accurate information about the Arlington Apartments' income and occupancy levels in connection with obtaining this loan.

Debtors were not responsible for the representations made by UBS (and could not be liable for any such breach), Debtors and UBS are not solidary obligors.

10. The absurdity of the United Rafizadeh argument is best demonstrated by the following. If its theory is correct, why not argue that the Debtors' obligations should be adjusted by the amount paid by the investors for this loan (if it could be determined since it was but one of many in the pool of loans) upon the transfer of the loan from Love Funding, then to UBS/PaineWebber, then to the Trust that now holds the loan? Of course, there is no support in the law for such an argument, and indeed, United Rafizadeh does not make this argument (but instead claims Debtors are entitled to an offset based on a later adjustment in the purchase price). That is because, as the Court held, a notemaker's obligations are not coextensive with the noteholder's obligations to successor noteholders. Likewise, the damages a current noteholder may assert against a prior noteholder is not the same as the debt obligation of the notemaker and parties liable on the note.

C.   **Section 509 of the Bankruptcy Code Does Not Apply.**

11. As the Court correctly found, section 509 "does not remotely deal with the situation at hand." Section 509 addresses who is entitled to payment from a debtor, not the amount of the debt. Yet United Rafizadeh continues to maintain that Debtors are entitled to an offset or credit of some portion of the UBS Settlement even though they also concede—as they must—that if that were true, then Debtors would be liable to UBS for the exact amount of that credit. Amazingly, despite this argument, Debtors have still not scheduled UBS as a creditor. Nor should they, because UBS "claims no right, title or interest in or to the Cyrus loan or any judgment which may have been taken in connection therewith." *See* **Exhibit C**.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** ORIX respectfully requests that this Court deny United Rafizadeh's motion to reconsider.

**DATED:** September 27, 2005.

Respectfully submitted

**WINSTEAD SECHREST & MINICK P.C.**
910 Travis Street, Suite 2400
Houston, Texas 77002-5895
(713) 650-8400 (telephone)
(713) 650-2400 (facsimile)


By: /s/ *Joseph G. Epstein*
Joseph G. Epstein
State Bar No. 06639320
Berry D. Spears
State Bar No. 18893300
Jeffrey L. Joyce
State Bar No. 11035400

– AND –

R. PATRICK VANCE
(La. Bar No. 13008)
(SDTX. Bar No. 30331)
NAN ROBERTS EITEL (La. # 19910)
**JONES, WALKER, WAECHTER, POINTEVENT, CARRERE & DENEGRE, L.L.P.**
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Telecopier: (504) 582-8011

**ATTORNEYS FOR ORIX CAPITAL MARKETS, L.L.C., AS MASTER AND SPECIAL SERVICER FOR WELLS FARGO BANK, N.A., TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all parties entitled to receive notice by serving a copy on the parties listed on the attached service list on September 27, 2005.

*/s/ Joseph G. Epstein*
One of Counsel

## COMBINED SERVICE LIST FOR
## CYRUS II PARTNERSHIP, BAHAR DEVELOPMENT INC.
## AND MONDONA RAFIZADEF

**Debtors**
Cyrus II Partnership
1501 N. Main Street
P.O. Box 485
Highlands, TX 77562

Bahar Development, Inc.
1501 N. Main Street
P.O. Box 485
Highlands, TX 77562

Mondona Rafizadef
1501 N. Main Street
P.O. Box 485
Highlands, TX 77562

**Debtors' Counsel**
Hugh Ray
Weycer Kaplan Pulaski and Zuber PC
Eleven Greenway Plaza, Suite 1400
Houston, TX 77046-1104

**Chapter 7 Trustee**
Rodney D. Tow
Tow and Koenig PLLC
10077 Grogans Mill Road, Suite 145
The Woodlands, TX 77380

**U.S. Trustee**
Office of the U.S. Trustee
515 Rusk, Suite 3516
Houston, TX 77002

Darren Ruffin Deceased
c/o Vernell Byrd
2700 Whitney Avenue
Harvey, LA 70058

Flash Vos Inc.
806 Main Street
Suite 1200
Houston, TX 77002

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Internal Revenue Service
Special Procedures
Insolvency Section Stop
1919 Smith STOP 5022 HOU
Houston, TX 77052

Keenan McDaniels
c/o Pierre F. Gaudin
1088 Fourth Street
Gretna, LA 70053

Kiajuanda McDaniels
c/o Pierre F. Gaudin
1088 Fourth Street
Gretna, LA 70053

Love Funding Corporation
21 White Oaks Lane
Hattisburg, MS 39402

Marie Brown
c/o Matek Law Offices
77 West Washington Ste 1313
Chicago, IL 60602

Monique Marshall
c/o Pierre F. Gaudin
1088 Fourth Street
Gretna, LA 70053

Paine Webber Real Estate Secur.
fka Paine Webber Real Estate
1285 Avenue of the Americas
New York City, NY 10019

R. Patrick Vance & Nan Eitel
Jones Walker et al
201 St. Charles Ave, 49th Fl.
New Orleans, LA 70170-5100

Rodney Borden
c/o Mark Belloni
3222 Behrman Place
New Orleans, LA 70114

Securities & Exchange Commission
Bankruptcy Section
500 West Madison, Suite 1400
Chicago, IL 60661

St Paul Federal Bank
6700 W. North Ave.
Chicago, IL 60635

Victoria McDaniels
c/o Pierre F. Gaudin
1088 Fourth Street
Gretna, LA 70053

Wells Fargo
c/o Orix Capital Market LLC
P.O. Box 13319
Newark, NJ 07101-3319

Schumann Rafizadeh
1501 N. Main St.
P.O. Box 485
Highlands, TX 77562

United Rafizadeh Family LLP
P.O. Box 485
Highlands, TX 77562

Melissa Theriot
Laborde & Neuner
P.O. Box 52828
Lafayette, LA 70505

Monticello Insurance Co.
Kevin M. Murphy
1999 Bryan St., Suite 1100
Dallas, TX 75201

Alliance General Insurance Co.
6 West Hubbard Street
Chicago, IL 60610

Reginald Ward
c/o W. Steven Winter
9337-B Katy Freeway, Suite 334
Houston, TX 77024-1515

Sherry Watters
c/o Amato & Creely
901 Derbigny St.
Gretna, LA 70054

Special Receiver Alliance Genl.
c/o Matek Law Offices
77 West Washington, Suite 1313
Chicago, IL 60602

Tabitha Brock-Washington
c/o Craig Mitchell
1010 Common Street #2000
New Orleans, LA 70112

Kristen M. Rhodes
c/o Robert Creely
901 Derbigny Street
Gretna, LA 70054

LA Dept of Environmental Qual.
c/o Environmental Compliance
P.O. Box 82215 Enforcement Div.
Baton Rouge, LA 70884

Louisiana Workers Comp.
Attn: Chad S. Berry
2237 S. Acadian Thruway
Baton Rouge, LA 70808

MBA Services LLC
800 E. Commerce Road
Suite 212
Harahan LA 70123-3455

Fred Raymond Corliss
c/o Darleen Jacobs
823 St. Louis Street
New Orleans, LA 70112

Internal Revenue Service
P.O. Box 9941
STOP 5400
Ogden, UT  84409

John L. McCorkle
c/o Claude A. Schlesinger
639 Loyola Ave., Suite 2500
New Orleans, LA  70113

Alliance General Insurance Co.
c/o Matek Law Offices
77 West Washington, Suite 1313
Chicago, IL  60602

Carolyn Poston
c/o Al Thompson Jr.
400 Poydras St., Suite 2000
New Orleans, LA  70130

Clarendon American Insurance
c/o Michael Duprey Ahlers
P.O. Box 8288, Suite 1400
Metairie, LA  70011-8288

Romualdo Gonzalez
Braden, Gonzalez & Associates
228 St. Charles Avenue, Suite 1230
New Orleans, LA  70130

Phil Eisenberg
Locke Liddell & Sapp LLP
3400 JP Morgan Chase Tower
600 Travis
Houston, TX 66002

3