IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CYRUS II, LP, | § | CASE NO. 05-39857-H1-7 |
| | § | |
| BAHAR DEVELOPMENT, INC. | § | (Jointly Administered) |
| and | § | |
| MONDONA RAFIZADEH | § | |
| | § | (CHAPTER 7) |
| DEBTORS. | | |

**FLASH VOS, INC.'S RESPONSE TO ORIX CAPITAL MARKETS, L.L.C.'S
EMERGENCY MOTION FOR CLARIFICATION AND RECONSIDERATION OF
PORTIONS OF ORDER GRANTING MOTION TO DISQUALIFY**

Comes now Flash Vos, Inc. ("Flash Vos"), through undersigned counsel, and files this Response to Orix Capital Markets, L.L.C.'s ("Orix") Emergency Motion for Clarification and Reconsideration of Portions of Order Granting Motion to Disqualify ("Motion") and respectfully shows as follows:

## INTRODUCTION

1.     On September 12, 2005, Flash Vos filed its Motion to Disqualify Winstead, Sechrest & Minnick P.C. ("Winstead"), Docket No. 89.  This motion was based upon the fact that Winstead has previously served as Flash Vos's counsel in connection with various patent prosecution matters and the development of certain business development strategies.  As a result, Winstead was privileged to the most proprietary and confidential information of Flash Vos and participated in discussions of the most intimate nature concerning the formulating of Flash Vos's business operations, the manner in which it conducts its business, its strategic plans and ongoing operations.

2.     During the course of this representation, Winstead was retained to represent Orix in connection with the prosecution of various causes of action against the wife of Flash Vos's

principal and more recently has expanded this representation to include the prosecution of Flash Vos in connection with a single business enterprise theory that seeks to hold Flash Vos and other various members of United Rafizadeh liable for a debt, which Orix contends is valued at over $14 million.

3.      On October 5, 2005, this Court granted Flash Vos's Motion to Disqualify, based, in part, upon the fact that, "Winstead is in a unique opportunity to use confidential information regarding Flash's financing and patents in both (1) establishing its single business entity theory, and (2) developing its litigation in the Louisiana suit," and based upon the fact that it is undisputed that Orix stands adverse to Flash Vos in the single business enterprise litigation that is currently stayed in Louisiana, which Winstead is seeking relief from the stay to pursue. Moreover, it is clear, as demonstrated below, that Orix and Winstead's SBE litigation strategy is not limited to Louisiana, but is also the focal point of its participation in these proceedings. Based upon these facts, this Court concluded that Winstead had a conflict on interest warranting its disqualification.

4.      On October 6, 2005, Orix filed its Motion seeking reconsideration of the Court's order disqualifying Winstead.  Because this Motion amounts to no more than a disagreement with the Court's decision and presents no valid basis warranting reconsideration of the Court's order, it should be summarily denied.  Further, to the extent the Court's disqualification order requires any clarification, it should only be to note that because Winstead's single business enterprise allegations touch all aspects of these proceeding, Winstead should completely withdraw from participating in these proceedings.

## STANDARD OF REVIEW

5.      Fed. R. Civ. P. 59(e), incorporated into these proceedings pursuant to Fed. R. Bankr. P. 9023, authorizes "motion[s] to alter or amend a judgment" after its entry.  This language has been interpreted as including a broad range of motions, including motions to reconsider.  *See Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 353 (5th Cir. 1993) (finding that a motion to reconsider filed within ten days of judgment is treated as a motion to alter or amend judgment).

6.      Although Rule 59(e) lists no specific grounds for a motion to alter or amend judgment, it "should <u>not</u> be granted, absent highly unusual circumstances, unless the [ ] court is presented with newly discovered evidence, committed <u>clear</u> error, of if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001) (emphasis added).  Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and…does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the [ ] court prior to the judgment." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996).

7.      In the instant case, Orix and Winstead have not even alleged, much less shown, that that new evidence is available, that there has been an intervening change in the controlling law or demonstrated that clear error has been committed by this Court.  As a result, Orix's Motion should be summarily denied, based upon its failure to carry the heavy burden placed upon it by the authority cited above.  Even, however, if this Court were to look beyond these deficiencies, it is clear that Orix's arguments are unsupportable and disingenuous.

## ARGUMENT

**A.**   ***Orix's Argument that Single Business Enterprise has not been Raised in These Proceedings is Disingenuous, at best.***

8.     In its Motion Orix attempts to argue that "[w]hile there has been much discussion in this case about single business enterprise litigation Orix was pursuing in the Louisiana state court when these bankruptcy cases were filed, no such claims are pending before this Court." (Orix Mot. at ¶ 3).  Aside from the obvious fact that Orix has filed two separate motions for relief from stay in order to pursue these claims, through Winstead, on behalf of itself and the Trustee, Orix has further made these allegations in no fewer than **9 pleadings** that a single business enterprise exists among the "web" of "Rafizadeh entities," which by their admission includes Flash Vos.  Therefore, contrary to Orix's argument, not only is Winstead adverse to Flash Vos in seeking relief from the stay to pursue single business enterprise litigation against Flash Vos, it has also placed itself adverse in these proceedings by making those same allegations in almost every single pleading filed on every single motion or complaint before this Court.

9.     In Orix's Motion for Relief from the Automatic Stay, Docket No. 9, Orix and Winstead sought "relief from the automatic stay to permit the litigation against the Debtors **and 52 other non-debtor defendants** [including Flash Vos] to proceed." (Doc. No. 9 at ¶ 2; emphasis added).  They further allege that "these bankruptcy cases…reflect[] **an inappropriate use of the automatic stay to shield the Debtors and non-debtor affiliates [including Flash Vos]** from legitimate judicial processes." *Id.* at ¶ 4 (emphasis added).  Winstead argues that the stay should be "modified to allow Orix, for itself and possibly the Chapter 7 Trustee, to continue litigation…to have determinations…to extend liability for the Debtors' obligations to 52 non-debtors [including Flash Vos]. *Id.* at ¶ 4.  Winstead continues by arguing that Cyrus's agreement

"to pay a $719,000 commission to…**Flash Vos, Inc.…**appear[s] to be an effort to defraud Orix and appropriate a portion of the sale proceeds for the Rafizadehs." *Id.* at ¶ 13 (emphasis added).

10.     Orix and Winstead admit that their efforts to lift the stay are solely for the purpose of resolving litigation aimed at establishing that "55 Defendants, including the Rafizadehs and the partnerships or companies that they own or control [including Flash Vos], act as a single business enterprise." *Id.* at ¶ 22.  They further note that such relief "does not impact the Debtors' assets; but only those of the 52 non-debtor parties [including Flash Vos]." *Id.* at ¶ 27.  Therefore, they admit that the central relief sought by Orix and Winstead in these proceedings is not aimed at acquiring the assets of the Debtors, but rather the assets of Flash Vos and other members of United Rafizadeh.  Indeed, they say that "[i]t is a fairly safe assumption that the Debtors filed bankruptcy **only** to protect the other 52 members of the single business enterprise from the single business enterprise suing in" Louisiana.  *Id.* at ¶ 33 (emphasis in original).

11.     These quotes are from only ***one*** pleading.  In other pleadings Orix has alleged as follows:

- **In its Response to United Rafizadeh's Emergency Motion to Compel Production of Documents and Examination, Docket No. 33, Orix and Winstead allege as follows:**

  i.    "Mondonna and Schumann Rafizadeh, and the web of partnerships and companies they own and control between them, have engaged in one fraudulent and obstructionist tactic after another to avoid paying Orix's judgment and to avoid providing any meaningful or truthful information regarding their Byzantine financial affairs." *Id.* at ¶ 1.

  ii.   They admit that United Rafizadeh, including Flash Vos, "comprise the bulk of the defendants" in a lawsuit asserting that "50 other persons and entities engaged in a single business enterprise (and should therefore be jointly and severally liable for the judgment indebtedness)." *Id.* at ¶ 8

  iii.  They admit that they seek relief from the stay only to "permit the single business enterprise case to proceed to final judgment." *Id.* at ¶ 10.

  iv.   They assert that this whole bankruptcy proceeding is only designed to "railroad the litigation pending against the various United Rafizadeh parties in Louisiana." *Id.* at ¶ 39.

- **In its Objection to Entry of Agreed Order, Docket No. 57, Orix and Winstead allege as follows:**

  i. The Trustee, United Rafizadeh and Flash Vos's efforts to reach an agreed injunction "do[] not go far enough in controlling the Debtors, their related entities and affiliates [including Flash Vos] and their unabashed and continuing attempts to place their financial empire beyond the reach of legitimate collection actions," which involve holding Flash Vos liable for the debts of the Debtor under a theory of single business enterprise. *Id.* at p.2.

  ii. They have been seeking Rule 2004 examinations "to determine the Debtors' true state of affairs and to prepare for actions to halt and unwind improper transfer of various real estate properties and other interest." *Id.* at ¶ 11.

  iii. They assert that the "Rafizadeh related parties [including Flash Vos]" are engaging in a course of business designed at moving "assets from entity to entity to avoid the claims of their legitimate creditors." *Id.* at ¶ 11.

  iv. Orix and Winstead object to Schumann Rafizadeh or the United Rafizadeh Family, LLP from making loans to Flash Vos. *Id.* at ¶ 18. They further allege that such loans are improper transfers. *Id.* at ¶ 18.

  v. They also allege that "[t]hese estates are so inextricably intertwined [including Flash Vos]." *Id.* at ¶ 19.

- **In its Response to United Rafizadeh's Brief to the Court Regarding Issues of Payment and Allocation of Proceeds Receive in Settlement, Docket No. 61, Orix and Winstead allege as follows:**

  i. Orix and Winstead allege that they should be permitted to enforce the note held against the Debtors "against parties who may be liable for it, such as United Rafizadeh [including Flash Vos], and other non-debtors related to the Debtors." *Id.* at p.2.

- **In its Amended Motion of Orix seeking Relief from the Automatic Stay, Docket No. 75, Orix and Winstead allege as follows:**

  i. They represent that "Orix, [through Winstead], and the Chapter 7 Trustee had agreed to the termination of the stay in order to allow for the prosecution of the SBE case." *Id.* at ¶ 3.

  ii. Further, they presented drafts of motions to the Court, that based upon the Trustee's representations, **were prepared by Winstead**, that would have the effect of pursing or abandoning litigation in Louisiana related to Winstead and Orix's judgment, which forms the basis of the SBE claim. *Id.* at ¶ 6.

- **In its Expedited Motion to Compel Rule 2004 Examination of Schumann Rafizadeh, Docket No. 100, Orix and Winstead allege as follows:**

     i.  They seek a 2004 examination of Mr. Rafiazadeh as part of its "broad investigation into the financial affairs of the debtors. The purpose of this examination is to discover assets of the estate and determine the nature and extent of potential avoidable transfers made pre- and post-petition by Mondona Rafizadeh and the entities in which she or Mr. Rafizadeh has control [including Flash Vos]." *Id.* at ¶ 7. Clearly, this relates to their SBE allegations.

- **In its Objection to Mondonna Rafizadeh's Claim of Exempt Property, Docket No. 102, Orix and Winstead allege as follows:**

     i.  "Upon information and belief, Rafizadeh owns or jointly owns more property than set forth in her Schedules…" *Id.* at ¶ 8. This allegation is clearly designed to suggest that Ms. Rafizadeh owns rights to additional assets, including those of United Rafizadeh, which includes Flash Vos.

12.    As can be seen from this non-exhaustive list of allegations Orix and Winstead have made, it cannot <u>at all</u> be reasonably argued that single business enterprise has not been raised in these proceedings. Indeed, it is disingenuous to not recognize that single business enterprise has been raised in virtually every single motion, response, brief and complaint filed by Orix and Winstead in these proceedings. Orix and Winstead's single business theory has become pervasive in these proceedings and now Orix and Winstead are attempting extricate themselves from that web in an effort to keep Winstead involved in these proceedings. Clearly, this cannot be allowed. While Orix and Winstead now claim that single business enterprise has not even been raised in these proceedings, their filings suggest otherwise.

13.    In fact, in its Motion to Distribute Funds, Docket No. 125, Orix and Winstead admit that "**these bankruptcy cases are fundamentally the result of a two-party dispute and an effort to halt Orix's collection of the payment of indebtedness it is…owed**." (Doc. No. 125 at ¶ 9; emphasis added). Therefore, there can be only one place Winstead is in relation to Flash Vos, and that is adverse.

14.    In its Motion to Remove the Trustee, Docket No. 143, Orix and Winstead admit that the Louisiana litigation they have sought relief from the stay to pursue has as its "focal

point," "**the claim that the Debtors and United Rafizadeh [including Flash Vos] operate as a single business enterprise and are all jointly and severally liable for the Debtors' judgment indebtedness to Orix (the "SBE Case")."** (Doc. No. 143 at ¶ 5; emphasis added).

15.     They further admit that "**[s]ince the inception of these cases, Orix [and Winstead have] sought to obtain additional information about the Debtors' business activities and transfers – practices Orix believed were operation to defraud Orix.**" *Id.* at ¶ 10 (emphasis added).   Further still, they once again admit that "**the Debtors' Schedules and Statements of Financial Affairs … clearly indicate that these cases are essentially a dispute between the Debtors and the related United Rafizadeh parties [including Flash Vos] on the one hand and Orix on the other.**" *Id.* at ¶ 15 (emphasis added).

16.     If that weren't enough, Orix and Winstead have indicated that all of the discovery they have pursued in these proceedings have been geared to "answer the very questions that go to the core of these cases," which its own words indicate revolve only around one thing; single business enterprise.  *Id.* at ¶ 16.

17.     Winstead has even gone so far as to "propose[] that Orix [through Winstead] pursue the SBE Case in the Trustee's name at Orix's cost."  *Id.* at ¶ 19.   They even admit that "Orix's counsel [has] prepared papers" on behalf of the Trustee to advance the SBE and related litigation in Louisiana.  *Id.* at ¶ 22.  This pleading was filed only <u>two hours</u> after the Court issued its order disqualifying Winstead!

18.     The vigor with which Winstead and Orix have pursued their single business enterprise allegations are evidenced quite clearly in their September 29, 2005 letter to the Trustee, which is attached as Exhibit "B" to Orix's Emergency Motion to Remove the Trustee and is incorporated by reference.

19.     Despite all of the foregoing facts, Winstead disingenuously asks this Court: "What SBE Claim?"  As noted above, not only has Winstead raised SBE in these proceedings, their own words demonstrate SBE is pervasive throughout this litigation and was likely a primary reason why Winstead was disqualified from these proceedings.  Seemingly, Winstead would have this Court believe that they can make SBE allegations, pursue discovery and pursue the lifting of the stay to pursue such claims, so long as they don't file an actual complaint in this Court.  They even seem to believe that they can write such a complaint for the Trustee, so long as their name does not go on the bottom.  Certainly the applicable ethical rules cannot be interpreted in such a perverse way as to allow for that result.

20.     Moreover, while their Motion to Reconsider attempts to argue that Winstead is only adverse to Flash Vos with respect to a couple of matters, their own admissions indicate that this is a two-party dispute, which has as its core Orix's single business enterprise allegations.  Therefore, to the extent the Court's order need to be clarified, it should be modified to disqualify Winstead from all participation in these proceedings.

21.     Even in matters that should be wholly unrelated to Flash Vos and United Rafizadeh, Winstead and Orix cannot help themselves.

22.     In their Objection to Mondonna Rafizadeh's Exemptions, rather than simply raising issues of value, which is typical, they allege "Rafizadeh owns or jointly owns more property than set forth in her Schedules…"  (Doc. No. 102 at ¶ 8).  This allegation is clearly designed to suggest that Ms. Rafizadeh owns rights to additional assets, including those of United Rafizadeh, which includes Flash Vos.  So, even in with respect to matters that may in a typical bankruptcy not touch upon SBE allegations, Orix has inserted those claims and hence only expanded the universe of activities Winstead should be disqualified from pursuing.

**B.**   *Winstead's Argument Regarding the Proper Standard for Wavier of Lawyer Conflict is Unsupportable.*

23.     In its opinion, the Court first cites *In re Butler,* 987 S.W.2d 221, 224 (Tex.App. – Houston Dist. 1999, no pet.) for the proposition that: "Waiver of a motion to disqualify is determined by the filing of the motion. A party who does not file a motion to disqualify opposing counsel in a timely manner waives the complaint." This is clearly the correct standard to be applied. Even Orix cited this as the standard for review for waiver in their Response to Flash Vos's Motion to Disqualify, Docket No. 96, in which they cited *Vaughn v. Walther,* 875 S.W.2d 690, 691 (Tex. 1994) (per curiam), which states: "a party who fails to file its motion to disqualify opposing counsel in a timely manner waives the complaint."

24.     Orix taking issue with the citation of a non-disqualification case for the definition of waiver is simply laughable. In <u>any</u> context, waiver is defined as "the knowing and voluntary relinquishment of a known right," just as the Court noted. Indeed, in *Casco Northern Bank v. JBI Assocs., Ltd.,* 667 A.2d 856, 861 (Me. 1995), which is a disqualification case, the court noted: "Delay alone will not generally be taken as wavier, rather the movant and former client must have exhibited a thorough, <u>knowing</u> and continuing acceptance of the adverse representation**."** *Id.* (emphasis added). Therefore, Orix's argument regarding the Court's application of the waiver standard should be summarily rejected.

**C.**   *The Prejudice to Orix is no Consequence and is Indeed a Product of Their Own Making.*

25.     The disqualification of an attorney is <u>mandatory</u> in the case of substantial relation. *See Phoenix, Inv. v. Marshall,* 887 S.W.2d 831 (Tex. 1994); *NCNB Texas National Bank v. Cocker*, 765 S.W.2d 398, (Tex. 1989). This Court's finding of substantial relation conclusively warrants disqualification of Winstead and any "prejudice" Orix may endure as a result is of its

and Winstead's own making.  Therefore, Flash Vos should not be forced to endure a continued violation of Winstead's ethical responsibilities in order to avoid prejudice to Orix.

26.     Orix and Winsted cite to no cases where a law firm was permitted to continue in its representation, in violation of its ethical obligations, because it would prejudice the party whose representation resulted in the conflict.  Allowing such a result would, as Orix puts it, "emasculate" the applicable rules of professional responsibility.  Under Orix's analysis, an attorney could continue in violation of its ethical obligations so long as it did it for a long enough time and caused enough expense to its current client to constitute "prejudice."  To the extent Orix has suffered harm, it can take up that issue with Winstead.

27.     The Court likely did not consider the prejudice to Orix because, as noted above, disqualification is <u>mandatory</u>.

**D.     *The Remainder of Orix's Motion Merely States Disagreement with the Court's Findings.  That is not a Recognizable Basis for Reconsideration.***

28.     As noted above, a motion to alter or amend judgment "should <u>not</u> be granted, absent highly unusual circumstances, unless the [ ] court is presented with newly discovered evidence, committed <u>clear</u> error, of if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001) (emphasis added).

29.     The remaining arguments of Orix and Winstead taking issue with the Court's factual findings do not constitute a recognizable basis for reconsideration.  Winstead and Orix simply disagree with the Court.

30.     Motions to reconsider may not be used to re-argue, or re-litigate matters that were already presented to the court and overruled.  *See, e.g., Diebitz v. Arreola,* 834 F.Supp. 298, 302 (E.D. Wis. 1993); *Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625, 626 (S.D. Miss. 1990).

31.     WHEREFORE, Flash Vos respectfully requests that the Court deny Winstead and

Orix's Motion for Reconsideration and for any additional relief to which Flash Vos may be justly

entitled.


DATED:        October 7, 2005.

Respectfully submitted,

LOCKE LIDDELL & SAPP LLP

By:   /s/ Philip G. Eisenberg

Philip G. Eisenberg
Texas Bar No. 24033923
Mark A. Chavez
Texas Bar No. 24036357
600 Travis Street, Suite 3400
Houston, Texas  77002
Telephone:  713-226-1200
Facsimile:  713-223-3717

ATTORNEYS FOR FLASH VOS, INC.


## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October 2005, a true and correct copy of foregoing
document was served by U.S. mail, postage prepaid on all parties and attorneys of record.


/s/ Mark A. Chavez
MARK A. CHAVEZ