IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| CYRUS II, LP,. | § § | CASE NO. 05-39857-H1-7 |
| BAHAR DEVELOPMENT, INC. and MONDONA RAFIZADEH | § § § § | (Jointly Administered) |
| | § § | (CHAPTER 7) |
| DEBTORS. | § | |

**OBJECTION TO CHAPTER 7 TRUSTEE'S MOTION TO (1) COMPROMISE AND SETTLE CONTROVERSIES WITH ORIX CAPTIAL MARKETS, L.L.C. PURSUANT TO FED R. BANKR. PROCED. 9019 AND (2) SELL PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 363(b) (Docket # 222)**

Mondona Rafizadeh ("Mondona" or "Debtor"), hereby objects to the Chapter 7 Trustee's Motion to (1) Compromise and Settle Controversies with Orix Capital Markets L.L.C. ("Orix") Pursuant to Fed. R. Bankr. Proced. 9019 and (2) Sell Property of the Estate Pursuant to 11 U.S.C. § 363(b) (Doc, #222) (the "Motion"). The grounds for this objection are as follows:

**Summary**

1. Orix strong-armed the Trustee into filing the Motion because it hopes to accomplish three things, all of which violate the letter and spirit of the Bankruptcy Code:

    1) To bar Mondona's discharge with a facially improper judgment and prevent her from challenging the Section 523 complaint in the adversary proceeding.

    2) To reap a windfall by validating the otherwise invalid judgment for $14 Million based on a $6.7 Million note, a judgment that applies highly creative theories of damage calculation and where the judgment is on appeal.

    3) To obtain multiple recoveries from five separate parties ($19 Million from UBS Warburg, millions more from Love Funding and over $14 million from the Debtors) all based on a single $6.7 million note— recoveries far beyond the damages incurred— to the prejudice of every other party in this case.

0384902

1

## Factual Background

2. The proposed settlement would allow a claim in favor of a trust, the Trustee of which is Wells Fargo Bank, N.A. who is represented by Orix Capital Markets, L.L.C. ("Orix"), in the amount $14,589,084.24. Orix's bases its claim on a judgment entered by the 24th Judicial District Court for Jefferson Parish, Louisiana in a suit to collect on a Promissory Note in the principal amount of approximately $6.7 million. The Louisiana Court entered its judgment on December 23, 2004 in an amount that appears to be near $12 Million, plus attorneys fees The reasons for judgment are unclear as to what the exact judgment amount is, under which of several stated theories the judgment was entered, and how damages were computed. It appears that the Louisiana Court used contract theories to compute damages for breach of contract.

3. Immediately after the judgment was entered, the Debtors requested the record and filed notices of appeal. However, the Louisiana Court has never released the record to the appellate court, thus prohibiting the appeal from proceeding further. The proposed settlement provides for dismissal of the appeal.

4. In court, Orix has stated what it believes is the effect of the dismissal of the appeal. Orix stated that, once it obtains a final judgment, Mondona will be estopped from denying the allegations in the Section 523 complaint against her and thus the settlement between Orix and the Trustee will, in effect, bar Mondona's discharge.

## Orix hopes to Bar Mondona's Discharge by Settling with Trustee

5. Orix has filed a complaint against Mondona under 11 U.S.C. § 523 seeking to except the $14 million claim from discharge. Mondona answered and counterclaimed that the claim has been satisfied.

6. At a scheduling conference, Orix asserted that the state judgment is *res judicata*

when final. If that were correct, the allowance of the claim and dismissal of the appeal proposed by the settlement deprives Mondona of her right to defend the issues of the Section 523 case.

7. The settlement is an attempt at an "end run", to avoid proving the statutory predicates of Section 523(a). Mondona submits that it is inappropriate for the trustee to reach or for the Court to approve a settlement which prevents her from asserting defenses to a Section 523 complaint.

### Orix Wants to Avoid Legitimate Challenge to the Validity of its Claim

8. Orix recovered over $19 Million from UBS Warburg in connection with conveyance of the loan subject of this case to Orix. This Court has ruled (in the context of a discovery motion) that the payment received from UBS Warburg should not constitute a credit against the Orix judgment. Mondona has appealed this Court's ruling denying discovery on the credit to be applied for the UBS suit. Orix seeks the proposed settlement to moot the appeal, and prevent further inquiry into whether Orix has received double payment.

9. Adding fuel to this issue is the recent discovery that Orix obtained a partial summary judgment against Love Funding for the same facts upon which it bases its claim against the Debtors. This appears to be a triple recovery. The settlement, if approved, prevents the Trustee from inquiring into whether Love Funding's settlement reduces Orix's claim.

10. While Mondona has sought to appeal this issue, the Court retains jurisdiction to reconsider (even *sua sponte*) whether a credit should be permitted[2] in the context of making a decision on this settlement motion which is a completely new matter. In the final analysis, if Orix's claim is required to be reduced by 1) the UBS Warburg settlement and 2) any recovery from Love Funding, it makes no sense to approve a settlement which ignores reality and allows

---

[2] The law of the case doctrine does not apply given the reversal of Orix's position.

0384902  3

the Orix claim in full.

### The Trustee was Strong-Armed Out of His Statutory Role

11. As the Trustee states in his Motion, he attempted to negotiate settlements with both Orix and the Rafizadeh entities. Apparently, Orix believed that the Trustee entered into an agreement with Orix and then changed his mind. As a result, on October 5, 2005, Orix filed its Emergency Motion for Removal of the Trustee (Doc. 143). The Motion contained serious allegations of misconduct against the Trustee. If granted, the Motion could have resulted in the Trustee not only being removed from this case, but removed from all of his cases. This would devastate the Trustee's livelihood. The Trustee felt threatened enough to hire his own special counsel to protect him. Notwithstanding the threat, the Trustee initially denied that he had agreed to a settlement of the type presented here today.

12. The Court took Orix's allegations of the Trustee's breaches of duty very seriously. Thus, the Court set an evidentiary hearing on the removal motion promptly -- November 8, 2005. Faced with the impending trial date, and rather than risk his livelihood, the Trustee acceded to Orix's demand to proceed with the settlement. The subject Rule 9019 motion was filed on Sunday, November 6, 2005, just two days before the removal hearing. As a result of the Trustee agreeing to settle on Orix' terms, Orix withdrew the removal motion on the same day (Doc. 221).

13. Paragraph 2 of the Settlement Agreement itself acknowledges the *quid pro quo* that Mondona contends violates public policy. The Motion states, "The Trustee shall file the 9019 Motion no later than 9:00 a.m. Sunday, November 6, 2005, seeking the 9019 Order and shall promptly notice it for hearing." The settlement graciously pays the Trustee's counsel's fees incurred defending the Trustee from Orix's intimidation. The Trustee and his professionals are

0384902                                                                                                                                           4

the primary beneficiary of the proposed "settlement" inasmuch as they would receive $256,000 in cash while all other creditors are receiving a pool of only $60,000.

14. Based on the timing of the filing of the settlement motion, the initial denial of the settlement, the withdrawal of the removal motion, and the large payment to the trustee and his personal counsel, the court should see the proposed settlement as what it really is - a quid pro quo of unconscionable dimensions. Approval of this settlement would green light extortionist litigation tactics by well-heeled creditors to obtain relief that they simply do not deserve.

15. In summary, the Trustee agreed to the settlement under facts that may constitute a kind of "duress"; and consequently, the Court should not defer to the Trustee's judgment, as the negotiations were clouded with the emotion of defending one's livelihood against a large financial institution. This is not to say that the Trustee acted in subjective bad faith or dishonesty, but rather that (given the dire consequences to the Trustee personally if he continued to refuse to sign the settlement) the Court rationally and critically examine the Trustee's motives. The Court can use its ordinary experience and judgment. Mr. Tow was faced with losing his entire livelihood - losing all his cases and being personally liable to Orix for breach of his fiduciary duties. Even though the threat of liability was improbable, it was still a serious threat. In view of the abusive tactics used to extort the Motion, the Court should not, as a matter of public policy, approve the "settlement".

### The Settlement Agreement Makes No Sense

16. Perhaps the chief reason the Trustee originally disavowed the settlement is because it is a bad settlement, poorly crafted, that purports to do much more than settle a dispute. The text of the agreement may provide ample basis for this Court to consider the settlement not in the estate's best interest. As but one example of the inherent overreaching of this "settlement",

0384902

5

the Settlement Agreement provides a fund of $60,000 for the payment of "non-insider" unsecured claims, and nothing for "insider" unsecured claims. The Bankruptcy Code does not permit Chapter 7 distributions to be carved up in this manner. Certainly, the Trustee could commence an adversary proceeding to create a set of subordinate claims, but none has been filed and the claimant is not a party to the "settlement". It violates the code for a bankruptcy trustee to enter into an agreement which discriminates between creditors of the same priority, especially as a "settlement" with another creditor.

### Rule 7008 Responses

With respect to the specific allegations contained in the Motion, Mondona avers and alleges as follows:

17. Admits the allegations contained in paragraph 1 of the Motion.

18. Admits the allegations contained in paragraph 2 of the Motion.

19. Admits the allegations contained in paragraph 3 of the Motion.

20. Denies the allegations contained in paragraph 4 of the Motion and avers that the party holding the judgment is the Trust for which Wells Fargo Bank, N.A. is the trustee, not Orix Capital Markets. For purposes of the remainder of this objection and to simplify the pleadings, Mondona will refer to the Trust as Orix although Orix is not the real creditor in this case.

21. Admits the allegations contained in paragraph 5 of the Motion.

22. Admits the allegations contained in paragraph 6 of the Motion, except avers that there were higher and better offers for the Arlington Apartments which Orix refused to consider.

23. Admits the allegations contained in paragraph 7 of the Motion.

24. Admits the allegations contained in paragraph 8 of the Motion.

25. Admits the allegations contained in paragraph 9 of the Motion.

26. Admits the allegations contained in paragraph 10 of the Motion.

27. Admits the allegations contained in the first sentence of paragraph 11 of the Motion. The second sentence is denied in that whatever non-exempt interests owned by Mondona prior to bankruptcy have been transferred to the bankruptcy estate.

28. Admits the allegations contained in paragraph 12 of the Motion.

29. Admits the allegations contained in paragraph 13 of the Motion.

30. Admits the allegations contained in paragraph 14 of the Motion.

31. Admits the allegations contained in paragraph 15 of the Motion.

32. Admits the allegations contained in paragraph 16 of the Motion.

33. Admits the allegations contained in the first sentence of paragraph 17 of the Motion. Presently lacks information or knowledge sufficient to form a belief as to the truth of the second sentence.

34. Admits the allegations contained in the first sentence of paragraph 18 of the Motion. Denies the allegations contained in the second sentence.

35. Admits the allegations contained in paragraph 19 of the Motion.

36. Admits the allegations contained in paragraph 20 of the Motion.

37. Admits the allegations contained in the first sentence of paragraph 21 of the Motion. Denies the allegations contained in the second sentence.

38. Admits the allegations contained in paragraph 22 of the Motion.

39. Admits the allegations contained in paragraph 23 of the Motion.

40. Admits the allegations contained in paragraph 24 of the Motion.

41. Admits the allegations contained in paragraph 25 of the Motion.

42. Admits the allegations contained in paragraph 26 of the Motion.

43. Admits the allegations contained in paragraph 27 of the Motion.

44. Admits the allegations contained in paragraph 28 of the Motion.

45. Admits the allegations contained in paragraph 29 of the Motion.

46. Denies the allegations contained in the first and second sentenced of paragraph 30 of that motion, and avers that all of the cash on deposit is unencumbered in that Orix' claim has been paid in full by a third party. Admits the allegations contained in the last sentence.

47. Presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Motion.

48. Admits the allegations contained in paragraph 32 of the Motion, and avers that any such action would result in significant losses to creditors of the non-debtor entities and

expose both the estate and the trustee to breach of fiduciary duty claims.

49. Admits the allegations contained in paragraph 33 of the Motion, except denies that Orix is the only legitimate creditor of the estate.

50. Denies the allegations contained in paragraph 34 of the Complaint.

51. Admits the allegations contained in paragraph 35 of the Motion, but denies that the Motion is in the best interest of the creditors and the estate.

52. Admits the allegations contained in paragraph 36 of the Motion.

53. Admits the allegations contained in the first sentence of paragraph 37. Denies the allegations contained in the second sentence in that (i) the proposed settlement was only agreed to after Orix placed pressure on the trustee by filing a motion to remove him which could have jeopardized the Trustee's livelihood; (ii) the proposed settlement calls for payment to the Trustee of $256,000 to cover his fees and expenses. A settlement should not be based primarily on the desire of the trustee to earn a fee.

54. The allegations contained in paragraph 38 of the Motion need not be answered as the Settlement Agreement speaks for itself, and avers that the proposed settlement is a bad deal for the creditors and the estate and should not be approved.

55. The allegations contained in paragraph 39 of the Motion need not be answered as the Settlement Agreement speaks for itself, and avers that the proposed settlement is a bad deal for the creditors and the estate and should not be approved.

56. The allegations contained in paragraph 40 of the Motion need not be answered as

the Settlement Agreement speaks for itself, and avers that the proposed settlement is a bad deal for the creditors and the estate and should not be approved.

57. Admits the allegations contained in paragraph 41 of the Motion, but only if the settlement is approved, which Mondona asserts should not happen.

58. The allegations contained in paragraph 42 of the Motion need not be answered as the Settlement Agreement speaks for itself, and avers that the proposed settlement is a bad deal for the creditors and the estate and should not be approved.

59. Admits the allegations contained in paragraph 43 of the Motion, but only if the settlement is approved, which Mondona asserts should not happen.

60. The allegations contained in paragraph 44 of the Motion need not be answered as the Settlement Agreement speaks for itself, and avers that the proposed settlement is a bad deal for the creditors and the estate and should not be approved.

61. The allegations contained in paragraph 45 of the Motion need not be answered as the Settlement Agreement speaks for itself, and avers that the proposed settlement is a bad deal for the creditors and the estate and should not be approved.

62. Denies the allegations contained in paragraph 46 of the Motion.

63. Denies the allegations contained in paragraph 47 of the Motion.

64. Denies the allegations contained in paragraph 48 of the Motion.

65. Admits the allegations contained in paragraph 49 of the Motion.

66. Admits the allegations contained in the first sentence of paragraph 50 of the Motion; denies the allegations contained in the remainder of the paragraph and avers that the creditors and the estate could receive a much higher recovery by litigating the amount of Orix' claim.

67. Admits the allegations contained in the first sentence of paragraph 51 of the Motion; denies the allegations contained in the remainder of the paragraph and avers that the creditors and the estate could receive a much higher recovery by litigating the amount of Orix' claim.

68. The allegations contained in paragraph 52 of the Motion need not be answered as the Settlement Agreement speaks for itself, and avers that the proposed settlement is a bad deal for the creditors and the estate and should not be approved.

69. Admits the allegations contained in paragraph 53 of the Motion, but only if the settlement is approved and the Flash Vos claim is disallowed, which Mondona asserts should not happen.

70. The allegations contained in paragraph 54 of the Motion need not be answered as the Settlement Agreement speaks for itself, and avers that the proposed settlement is a bad deal for the creditors and the estate and should not be approved.

71. Denies the allegations contained in paragraph 55 of the Motion.

72. Paragraph 56 through 70 need not be answered as they constitute legal argument.

WHEREFORE, PREMISES CONSIDERED, Mondona Rafizadeh asks that the Court

deny the Trustee's Application to Compromise Controversy, and grant such other and further relief to which she may show herself entitled.

Dated: December 2, 2005

Respectfully Submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: _____
EDWARD L. ROTHBERG
State Bar No. 17313990
HUGH M. RAY, III
State Bar No. 24004246
Eleven Greenway Plaza, Suite 1400
Houston, TX 77046
Telephone:    (713) 961-9045
Facsimile:    (713) 961-5341

ATTORNEYS FOR MONDONA RAFIZADEH

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2005, a true and correct copy of foregoing document was served by the ECF system and/or U.S. Mail upon counsel for the Movant, Julie Koenig, and on the following parties:

United States Trustee
515 Rusk, Room 3516
Houston, TX 77002

Rodney D Tow
Tow and Koenig PLLC
10077 Grogans Mill Rd Suite 145
The Woodlands, TX 77380

John Higgins
Porter & Hedges, L.L.P.

0384902

1000 Main Street, 36th Floor
Houston, Texas 77002

Nan Eitel
Jones Walker, et al.
Washington, D.C.,
499 S. Capitol Street, S.W.
Suite 600
Washington, D.C. 20003

　　　　　　　　　　　　　　　　　　　　　　　　　　　／s/ Hugh M. Ray, III
　　　　　　　　　　　　　　　　　　　　　　　　　　　Hugh M. Ray, III

0384902

13