IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CYRUS II, LP, | § | CASE NO. 05-39857-H1-7 |
| BAHAR DEVELOPMENT, INC., | § | (Jointly Administered) |
| AND MONDONA RAFIZADEH | § | |
| | § | Chapter 7 |
| DEBTORS | § | |

**OBJECTION TO THE MOTION OF ORIX CAPITAL MARKETS, LLC FOR RECONSIDERATION OF TRUSTEE'S EXPEDITED MOTION FOR AUTHORITY TO PAY ADMINISTRATIVE EXPENSE – MEDIATION FEE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Rodney Tow, Trustee ("Trustee") for the jointly administered bankruptcy estates of Cyrus II, L.P., Bahar Development, Inc. and Mondona Rafizedeh (collectively, Debtors), and files this objection to the Motion for Reconsideration of Trustee's Motion for Authority to Pay Administrative Expenses  - Mediation Fee filed by ORIX Capital Markets , LLC ("ORIX"), and respectfully represents as follows:

1. In May 2005, ORIX filed suit in the 24th Judicial District Court for Jefferson Parish, Louisiana against the Debtors, Schumann Rafizadeh (Mondona Rafizadeh's husband) and 51 related entities (the "Rafizedeh Entities") to collect the ORIX Judgment, asserting claims for fraudulent transfers, an injunction against the defendants to prevent the transfer of assets, and single business enterprise (asserting that the defendants, their liabilities, and assets, should be collapsed into one entity to satisfy a judgment in favor of ORIX) (the "SBE Litigation").

2. Pursuant to applicable law, the SBE Litigation became property of the bankruptcy estates upon the filing of the petitions.  See *Matter of S.I. Acquisition, Inc.,* 817 F.2d 1142 (5th Cir. 1987) and *In re Mortgage America*, 714 F.2d 1266 (5th Cir. 1983).  Pursuant to the Third Amended Settlement Agreement executed by the Trustee and ORIX, and approved by this Court on March 29, 2006, the SBE Litigation claims are "solely" property of the bankruptcy estate and

1

the Trustee has authority to prosecute the claims as he sees fit.

3. The Louisiana Court granted motions to dismiss for lack of personal jurisdiction on behalf of twenty-one defendants and later dismissed the Trustee's civil RICO claim without prejudice to repleading. In June 2007, the Trustee commenced Adversary Proceeding No. 07-3301 (the "Adversary") against many of the defendants in the original SBE Litigation.

4. Pursuant to the Second Amended Funding Agreement (the "Funding Agreement") between the Trustee and ORIX that was approved by this Court on April 26, 2007, ORIX agreed to fund fees and expenses of the Trustee through the end of 2007. Specifically, the Funding Agreement provides:

> …ORIX hereby agrees to fund the payment in full of the Trustee's and his Court-approved professionals' fees and expenses arising from or otherwise associated with the Estates, including, inter alia, costs, professional fees, and expenses incurred in connection with : (a) investigating, analyzing and prosecuting the SBE Claims ; (b) investigating, analyzing and prosecuting any litigation or claims that seek to recover assets for the Estates; (c) otherwise identifying, analyzing and asserting any and all claims that the Trustee, in his discretion, may deem worthy of pursuit; and (d) performing any other work necessary to facilitate or implement any of the foregoing.

5. On September 12, 2007, the Trustee filed his Expedited Motion for Authority to Pay Administrative Expense – Mediation Fee, along with a motion seeking to reduce the time for filing responses to the motion to five (5) days. By the motion, the Trustee sought to pay a fee of $9,000.00 to the Honorable Judge William Schultz to mediate the claims between the estate and the Rafizadeh Entities. This Court granted the motion by Order dated September 13, 2007.

6. ORIX now seeks to have this Court reconsider its Order approving payment of the mediation fee based upon its assertion that "ORIX should not be the party charged with bearing the expense of mediation." In its motion, ORIX wholly mischaracterizes the specific provisions and the spirit of the Funding Agreement. ORIX claims that the Funding Agreement "only covers

administrative expenses related to the investigation, analysis or prosecution of the SBE Claims or any other litigation seeking recovery of assets for the bankruptcy estates." However, the Funding Agreement specifically provides that the Trustee may incur fees in "identifying, analyzing and asserting any and all claims that the Trustee, in his discretion, may deem worthy of pursuit." ORIX further claims that the Funding Agreement "was created to fund professional expenses." However, the Funding Agreement contains no such limitation. It specifically provides that "ORIX has agreed to fund the Estates' administrative expenses, including the Trustee's professional fees and expenses incurred in the prosecution of the SBE Claims and other litigation claims."

7.  A lengthy hearing was held before this Court on April 19, 2007 on the Trustee's motion seeking approval of the Funding Agreement. ORIX actively participated in the hearing. At the hearing, the Trustee testified as follows:

> Q (Kyung Lee): Are there any limitations on the type of work that you can perform under this agreement?
>
> A (Rodney Tow): No.
>
> Q (Kyung Lee): Does it, in fact, impair your independent judgment at all?
>
> A (Rodney Tow): No. We made sure that it did not impair any ability for me, as trustee, to pursue any matter we felt was important to pursue with respect to this estate.

Further testimony:

> Q (Kyung Lee): In your opinion, Mr. Tow, does the funding agreement that you've announced with the modifications that we've talked about today with the Court, did they in any way impair the independent business judgment that you can exercise over these estates?
>
> A (Rodney Tow): They do not impair it at all.

Further testimony:

> Q (Hugh Ray, III): Is the funding agreement that you say doesn't affect your business judgment at all going to pay for the SBE litigation and investigation of claims only, or is there something else?
>
> A (Rodney Tow): It pays for every single administrative expense this estate incurs from the approval of the funding agreement well, really, I guess from June 1 of 2006 through December 31 of 2007.

ORIX did not question the Trustee about these broad statements, nor did it interpose any concerns at the hearing that the Trustee was misinterpreting the Funding Agreement, or that there was any disagreement as to its terms.[1]

8. The Trustee also testified that the Funding Agreement is not limited to "recovery of asset" as ORIX asserts, but such funds may be used for other purposes, even if adverse to ORIX:

> Q (Kyung Lee): Under the agreement that you have announced to the Court today with ORIX, and announced in open court today, there is no requirement for a budget, is there?
>
> A (Rodney Tow): No.
>
> Q (Kyung Lee): You are free to go and object to the ORIX proof of claim if you believe it is the proper business judgment.
>
> A (Rodney Tow): Absolutely.

9. Even assuming that the Funding Agreement is limited to professional fees and expenses, a mediation fee is clearly a litigation expense frequently paid by litigation counsel subject to reimbursement by the client.

10. Further, ORIX's motion is untimely. This Court granted the Trustee's motion on September 13, 2007. The Trustee did not pay the mediation fee until the day of the mediation,

---

[1] Additionally, counsel for Trustee Kyung Lee summarized the terms of the modified agreement by stating that "ORIX has agreed to advance all the administrative expenses of this estate, just like it is through December 31, `07", to which counsel for ORIX Randy Rios stated: "Judge, I just wanted to confirm to the Court that that is indeed the modification that ORIX has agreed to."

4

September 20, 2007.  ORIX did not file its motion until September 24, 2007.  ORIX had ample time to raise this issue before Trustee's payment of the mediation fee, but failed to do so.  As a result, ORIX's motion to reconsider is either untimely or moot due to Trustee's payment of the mediation fee.

11. ORIX's motion is an attempt to limit the Trustee's ability to administer this estate using his reasonable business judgment.  This Court approved the Funding Agreement precisely because it placed no such limits on the Trustee.  Because it contradicts the terms and intent of the Funding Agreement, ORIX's motion for reconsideration should be denied.

WHEREFORE, Trustee prays that this Court deny ORIX's Motion for Reconsideration of Trustee's Motion for Authority to Pay Administrative Expenses - Mediation Fee; and that he be granted such other and further relief to which he may be entitled.

          Respectfully submitted,

          /s/ TIMOTHY L. WENTWORTH

          TIMOTHY L. WENTWORTH
          TBN 21179000

OF COUNSEL:
CAGE, HILL & NIEHAUS, L.L.P.
5851 San Felipe, Suite 950
Houston, Texas 77057
Telephone:  (713) 789-0500
Telecopier: (713) 974-0344
ATTORNEYS FOR RODNEY TOW, TRUSTEE

## **CERTIFICATE OF SERVICE**

  I hereby certify that on 5th day of October, 2007, a true and correct copy of the foregoing Trustee's Objection to Motion for Reconsideration of Expedited Motion for Authority to Pay Administrative Expense has been served via United States mail, postage prepaid, upon the parties in interest identified herein below.

                /s/ Timothy L. Wentworth
                _____
                TIMOTHY L. WENTWORTH

COMBINED SERVICE LIST
Cyrus II, LP / Bahar Development, Inc. / Mondonah Rafizadeh

**Debtors**
Cyrus II Partnership
1501 N. Main Street
PO Box 485
Highlands, TX 77562

Bahar Development, Inc.
1501 N. Main Street
PO Box 485
Highlands, Texas 77562

Mondona Rafizadeh
1501 N. Main Street
PO Box 485
Highlands, Texas 77562

**Counsel for Debtors**
Edward L. Rothberg
Hugh M. Ray, III
Weycer Kaplan Pulaski & Zuber
11 Greenway Plaza, Ste 1400
Houston, Texas 77046

Philip G. Eisenberg
Locke Liddell & Sapp
600 Travis, Suite 3400
Houston, Texas 77002

**US Trustee**
Office of the US Trustee
515 Rusk Ave., Ste 3516
Houston, Texas 77002

**Creditors**
Braden Gonzalez & Associates
228 St Charles Ave.,Suite 1230
New Orleans, LA 70130

Flash Vos, Inc.
c/o Locke Liddell & Sapp, LLP
600 Travis, Suite 3400
Houston, Texas 77002

Haynes and Boone, LLP
1000 Louisiana, Suite 4300
Houston, Texas 77002

United States Bankruptcy Court
PO Box 61288
Houston, Texas 77208

Darren Ruffin, Deceased
Justin Ruffin, Deceased
c/o Vernell Byrd
2700 Whitney Avenue
Harvey, LA 70058

Flash Vos, Inc.
806 Main Street, Suite 1200
Houston, Texas 77002

Flash Vos, Inc.
c/o John F. Higgins
Porter & Hedges, LLP
1000 Main, 36th Floor
Houston, Texas 77002

Gabriael Navia
c/o Nelson J. Cantrelle, Jr
2508 Cedar Lawn Drive
Marrero, LA 70072

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19440

Internal Revenue Service
Special Procedures Insolvency Section
1919 Smith
STOP 5022 HOU
Houston Texas 77002

Joseph G. Epstein
Winstead Sechrest & Minick, PC
910 Travis St., Suite 2400

Houston Texas 77002

Keenan McDaniels
c/o Pierre F Gaudin
1088 Fourth Street
Gretna, LA 70053

Kejuan Ellington
c/o Hilary G. Gaudin
PO Box 156
Gretna, LA 70054

Kiajuanda McDaniels
c/o Pierre F. Gaudin
1088 Fourth Street
Gretna, LA 70053

Lavon Jenkins
c/o Gaudin & Gaudin
PO Box 156
Gretna, LA 70054

Love Funding Corporation
21 White Oaks Lane
Hattisburg, MS 39402

Marie Brown
c/o Hilary Gaugin
PO Box 156
Gretna, LA 70054

Marie Brown
c/o Matek Law Offices
77 West Washington, Ste 1313
Chicago, IL 60602

Monique Marshall
Hilary G Gaudin
PO Box 156
Gretna, LA 70054

ORIX Capital Markets, LLC
c/o Corinne G. Hufft
R Patrick Vance & Nan Eitel
Jones Walker

201 St. Charles Ave., 49th Floor
New Orleans, LA 70170

Paine Webber Real Estate
1285 Avenue of the Americas
New York, NY 1001905

Rodney Borden
c/o Mark Belloni
3222 Behrman Place
New Orleans, LA 70114

Securities & Exchange Commission
Bankruptcy Section
500 West Madison, Suite 1400
Chicago, IL 60661

St. Paul Federal Bank
6700 W. North Ave.
Chicago, IL 60635

Victoria McDaniels
c/o Hilary G. Gaudin
PO Box 156
Gretna, LA 70054

Wells Fargo
PO Box 13319
Newark, NJ 07101-3319

Imtiaz Munshi
Munshi, Arjunani et al
3050 Post Oak Blvd., Suite 550
Houston, Texas 77056

Louisiana Dept. of Environmental Quality
Office of the Secretary
Legal Affairs Division
PO Box 4302
Baton Rouge, LA 70821-4302

Alliance General Insurance Co.
c/o Matek Law Offices
77 West Washington, Ste 1313
Chicago, IL 60602

Carolyn Poston
c/o Al Thompson, Jr.
400 Poydras St., Suite 2000
New Orleans, LA 70130

Clarendon American Insurance
c/o Michele Duprey Ahlers
PO Box 8288 Suite 1400
Metairie, LA 70011-8288

Fred Raymond Corliss
c/o Darleen Jacobs
823 St Louis Street
New Orleans, LA 70112

Internal Revenue Service
PO Box 9941
STOP 5400
Ogden, UT 84409

John L McCorkle
c/o Claude A. Schlesinger
639 Loyola Ave., Suite 2500
New Orleans, LA 70113

Kristen M. Rhodes
c/o Robert Creely
901 Derbigny Street
Gretna, LA 70054

LA Dept of Environmental Quality
c/o Environmental Compliance Enforce
PO Box 82215
Baton Rouge, LA 70884

Louisiana Workers Comp
Attn: Chad S. Berry
2237 S. Acadian Thruway
Baton Rouge, LA 70808

MBA Services, LLC
800 E. Commerce, Suite 212
Harahan, LA 70123-3455

Reginald Ward
c/o W. Steven Winter
9337-B Katy Freeway, Ste 334
Houston, Texas 77024-1515

Rodney Borden
c/o Mark Belloni
3222 Behrman Place
New Orleans, LA 70114

Securities & Exchange Commission
Bankruptcy Section
500 West Madison, Suite 1400
Chicago, IL 60661

Sherry Watters
c/o Amato & Creely
901 Derbigny Street
Gretna, LA 70054

Tabitha Brock-Washington
c/o Craig Mitchell
1010 Common Street #2000
New Orleans, LA 70112

William Guitart
c/o Romualdo Gonzalez
612 Cravier St., 4th Floor
New Orleans, LA 70130

**Parties in Interest**
Rodney D. Tow
Tow and Koenig, PLLC
26219 Oak Ridge Drive
The Woodlands, Texas 77380

Jason M. Rudd
Kyung Shik Lee
Diamond McCarthy Taylor & Finley, LLP
909 Fannin, Ste 1500
Houston, Texas 77010

Blaine F. Bates
Haynes & Boone, LLP
1 Houston Center

1221 McKinney, Suite 2100
Houston, Texas 77010

Jon P. Bohn
Bohn & Ducloux
806 Main Street, Suite 1411
Houston, Texas 77002

**Parties Requesting Notice**
Ben B. Floyd
Randall A. Rios
Munsch Hardt Kopf & Harr, PC
Bank of America Center
700 Louisiana, 46th Floor
Houston, Texas 77002

Leonard P. Goldberger, Esquire
Stevens & Lee, PC
1818 Market St., 29th Floor
Philadelphia, PA 19103

J. William Starr
3421 North Causeway Boulevard
Suite 304
Metairie, Louisiana 70002