IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| CYRUS II, LP, | § | |
| BAHAR DEVELOPMENT, INC., AND | § | CASE NO. 05-39857-H1-7 |
| MONDONA RAFIZADEH, *ET AL.*, | § | (Jointly Administered) |
| | § | |
| Debtors. | § | Chapter 7 |

### ORIX CAPITAL MARKETS, L.L.C.'S MOTION
### FOR PERMISSION TO CONDUCT EXPEDITED DISCOVERY

ORIX Capital Markets, L.L.C., Special Servicer of the MLMI 1999-C1 Trust, requests permission to conduct expedited discovery, related to the 9019 Motion, as defined herein, and respectfully represent as follows:

1. On or about January 28, 2008, Rodney D. Tow, the Trustee in the above-styled case (the "Trustee) filed his Emergency Motion to Abate the Adversary Proceeding (the "First Motion to Abate") (Adversary Proceeding Docket No. 466) in the adversary proceeding pending in the above-styled bankruptcy case and styled *Rodney D. Tow, as the Chapter 7 Trustee for Cyrus II, L.P., et al. v. Schumann Rafizadeh, et al.,* Adversary Proceeding No. 07-03301 (the "Adversary Proceeding).

2. On or about January 29, 2008, the Trustee filed Trustee's Second Motion to Abate Adversary Proceeding and Request for Status Conference Regarding Rule 9019 (the "Second Motion to Abate") (Adversary Proceeding Docket No. 470) (collectively, the First Motion to Abate and Second Motion to Abate are referred to herein as the "Motions to Abate") in the Adversary Proceeding.

3. On or about January 29, 2008, the Trustee filed the Chapter 7 Trustee's Motion to Compromise and Settle Controversies with Schumann Rafizadeh, ET AL. Pursuant to Fed. R. Bankr. Proc. 9019 (the "9019 Motion") (Docket No. 670) in the above-styled case.

4. On or about January 31, 2008, this Court entered an Order providing that the Adversary Proceeding would be abated if defendants dismiss all of their counterclaims and cross-claims with prejudice (the "Abatement Order") (Adversary Proceeding Docket No. 481).

5. The Abatement Order further provided that discovery may take place in the main case, the above-styled case, only by (i) agreement of the parties or (ii) pursuant to further Court Order.

6. ORIX has requested that the Settling Parties, as defined in the attached Exhibit A, produce the documents that are requested in Exhibit "A," attached hereto and incorporated herein for all purposes ("Exhibit A"). The definitions included in Exhibit A are incorporated herein.

7. Specifically, ORIX requests that the entities and/or individuals produce documents responsive to the Requests in Exhibit A as follows:

> (i) The Trustee and Mondona Rafizadeh produce documents responsive to Request Nos. 1 – 8;
>
> (ii) Wellspring produce documents responsive to Request No. 10;
>
> (iii) SFE revise its discovery responses and produce documents responsive to Request Nos. 9, 10, 11, 12, 13, and 14;
>
> (iv) Mendlovitz produce documents responsive to Request Nos. 13 and 14;
>
> (v) Universal Sourcing produce documents responsive to Request Nos. 10 and 15;
>
> (vi) Schumann Rafizadeh produce documents responsive to Request Nos. 1 – 9 and 16;
>
> (vii) Azita Berglund produce documents responsive to Request No. 17; and
>
> (viii) AMI produce documents responsive to Request No. 18.

8. ORIX requested that all of the parties respond by noon today as to whether they would agree to produce documents responsive to the informal request. Schumann Rafizadeh,

Universal Sourcing, Azita Berglund, and AMI stated that they would not produce any documents. ORIX did not receive responses from the other parties other than the Trustee.

9. The Trustee produced some documents on February 6, 2008. The Trustee, however, withheld relevant documents based upon a misguided belief that there exists a mediation privilege in the context of a 9019 proceeding and, apparently, a newly created joint prosecution privilege with the Settling Parties.

10. No other documents have been produced from the Settling Parties or Mendlovitz.

11. The Trustee's deposition has been scheduled for Thursday, February 14, 2008, by agreement.

12. ORIX requests an opportunity to be heard by the Court on this matter as expeditiously as possible (and prior to Thursday, February 14, 2008)[1] in order to make a record as to the relevancy and necessity of the production of the requested documents in order to properly evaluate and prepare for the 9019 Hearing and seek an order from the Court allowing the requested discovery.

### A. ALTHOUGH THE COURT DOES NOT TRY THE UNDERLYING CLAIMS ON A MOTION TO COMPROMISE, THE COURT MUST EVALUATE THE MERITS OF THE CLAIMS BEING SETTLED AND MAKE A REASONED JUDGMENT ABOUT THE PROBABLE OUTCOME OF THE LITIGATION.

13. The Trustee argues that the pending and outstanding discovery - including the correction of SFE's false answers and misrepresentations and production of withheld documents - should not be pursued because the Trustee need not conduct a "full mini-trial" on the merits of the claims being settled.

14. ORIX concurs that the Court need not adjudicate the entirety of the underlying case in evaluating the compromise. Nevertheless, the Court must be provided facts permitting it

---

[1] ORIX respectfully requests, however, that the hearing not be scheduled on Tuesday, February 12, 2008, due to an unavoidable conflict in schedules.

<u>**ORIX's Motion for Permission to Conduct Expedited Discovery**</u> – Page 3

to make a reasoned judgment on the merits of the claims being settled. Part of making an informed judgment is understanding the complicated relationships between the parties, and the pending discovery is probative of that and other related matters.

15. In the seminal case on approval of bankruptcy settlements, the Supreme Court clearly articulated that a court must have "some basis for distinguishing between well-reasoned conclusions arrived at after a comprehensive consideration of all relevant factors, and mere boilerplate approval phrased in appropriate language but unsupported by evaluation of the facts or analysis of the law." *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 434 (1968).

16. In *TMT Trailer*, the Supreme Court reversed a bankruptcy settlement approved by both the District Court and the Fifth Circuit Court of Appeals because of an insufficient record:

> Here there is no explanation of how the strengths and weaknesses of the debtor's causes of action were evaluated or upon what grounds it was concluded that a settlement which allowed the creditor's claims in major part was "fair and equitable." Although we are told that the alternative to settlement was "extensive litigation at heavy expense" and "unnecessary delay," there is no evidence that this conclusion was based upon an educated estimate of the complexity, expense, and likely duration of the litigation. Litigation and delay are always the alternative to settlement, and whether that alternative is worth pursuing necessarily depends upon a reasoned judgment as to the probable outcome of litigation.
>
> The record before us leaves us completely uninformed as to whether the trial court ever evaluated the merits of the causes of actions held by the debtor, the prospects and problems of litigating those claims, or the fairness of the terms of compromise. More than this, the record is devoid of facts which would have permitted a reasoned judgment that the claims of action should be settled in this fashion.

*TMT Trailer*, 390 U.S. at 434, 440 - 41.

17. This Court should cause the Settling Parties to produce the already overdue and outstanding discovery because, at a minimum, it permits the Court to be informed about matters about which the Trustee intentionally chose to remain uninformed by settling when he did, and the outstanding discovery could be probative of the relationships, in particular, between SFE and

Universal Sourcing. These relationships are at the heart of this case after virtually every United Rafizadeh Family, LP asset - many millions of dollars - was transferred to and through them.

18. The Trustee settled based on what he knew as of January 21, 2008. What he knew was, in part, wrong or substantially incomplete because he was misled by the Settling Parties' false answers and false testimony and wrongly withheld documents. Truthful and complete answers, assuming the Settling Parties provide them, would help assess the reasonableness of the settlement decision the Trustee made on January 21, 2008.

19. Although the Trustee believes that the pending discovery would not have had a "material impact" on his assessment of a settlement value for the case,[2] it is surprising that he can make that representation when he does not know what the discovery supplementation will reveal. It was an exercise in poor judgment for him to have spent such substantial time and expense in pursuing, for example, true and correct responses to the SFE discovery (through three motions to compel, including the retention of a patent expert) and then to settle mere days before receiving that critical information for which he had fought so hard. In effect, if not design, an abatement now inhibits an objecting party from demonstrating that the Trustee failed to reasonably complete his investigation with information that was or would be readily available to him within a matter of days or after the settlement.

20. Given that this discovery should have been completed already and much of it is (or at least should be) ready to produce, there is no reason for the Trustee to deprive ORIX and the Court of this information that may be helpful in evaluating the reasonableness of the settlement.

21. Moreover, at a minimum, to determine the reasonableness of the settlement it is important to better understand the relationships between and among SFE, Universal Sourcing

---

[2] Trustee's Second Motion to Abate, p. 6 (Adversary Proceeding Docket No. 470).

**ORIX's Motion for Permission to Conduct Expedited Discovery – Page 5**

and the other Settling Parties. The only Defendant attending the mediation with the Trustee was Schumann Rafizadeh. Schumann Rafizadeh and the Trustee met themselves (along with Mondona Rafizadeh), without their counsel, and brokered their settlement that releases every single defendant based on terms agreed to by Schumann Rafizadeh and only subsequently agreed to by the other Settling Parties. Although the settlement does not specify the source of the funds to be paid to the Trustee, it does state that all funds remaining after payment of allowed claims shall be "returned to Schumann Rafizadeh, on behalf of the Settling Parties." It is at least curious that the Settling Parties contend SFE, Universal Sourcing, Wellspring Sourcing, and others have only arms-length legitimate relationships with Schumann Rafizadeh when the Settlement itself is *res ipsa loquitur* on the very issue at the heart of the case.

**B. ORIX ONLY SEEKS COMPLETION OF PENDING DISCOVERY AND DOES NOT ASK THAT DISCOVERY CONTINUE UNABATED.**

22. ORIX simply asks that the already pending and noticed discovery be completed. As explained in ORIX's response to the First Motion to Abate, the incremental cost in completing the discovery should be minimal. And there should be no incremental cost to the Estates in having certain Settling Parties complete and supplement the outstanding written discovery.

23. Universal Sourcing was under an original deadline imposed by the Court to appear for a deposition by January 29, 2008, and to produce documents ten days in advance. The Trustee and ORIX extended those dates by agreement to production on January 22, 2008, and a deposition on February 5, 2008. Universal Sourcing's responses should be substantially complete, given that (a) Universal Sourcing did not participate in the mediation, (b) the term sheet was not circulated until January 22, and (c) discovery was not abated until January 31.

24. SFE was ordered on January 17, 2008, to re-answer all discovery, to begin a supplemental production immediately, and to complete its supplemental document production by February 1, 2008. As of January 22, 2008 - five days after that hearing - SFE had not produced a single additional document when the Trustee circulated the term sheet for SFE's review. As of the morning of January 31, 2008 - fourteen days after the hearing - SFE has not produced a single piece of paper related to the patents or its accounting. As of January 31, 2008, 24 hours before the Court's deadline, that discovery supplementation should have been complete. If it is not, SFE has not taken the Court's January 17 ruling seriously.

25. Schumann Rafizadeh, Rodrick Hughes, and Azita Berglund were likewise prepared to supplement deficient responses. Indeed, it was Schumann Rafizadeh's improper redaction of emails to withhold witness names (belatedly adopted by SFE as its own production) that also prompted the Court to rule the production was improperly redacted. Mr. Rafizadeh's counsel promptly understood the issues caused for Mr. Rafizadeh by the SFE ruling and orally agreed to supplement his production.

26. If ORIX is denied the discovery it seeks, SFE in particular will have benefited from its discovery misconduct to the detriment of the Court's and ORIX's better understanding its business.

WHEREFORE, PREMISIS CONSIDERED, ORIX requests that the Court grant the relief requested herein and for such other and further relief that it may be justly entitled.

DATED: February 8, 2008.

        Respectfully submitted,

        **MUNSCH HARDT KOPF & HARR, PC**

By: */s/ Ruth A. Van Meter*
    Randall A. Rios
    State Bar No. 16935865
    Ruth A. Van Meter
    State Bar No. 20661570
    Bank of America Center
    700 Louisiana, 46th Floor
    Houston, Texas 77002
    Telephone: (713) 222-1470
    Fax: (713) 222-1475

    David C. Mattka
    State Bar No. 13231500
    One American Center
    600 Congress Avenue, Suite 2900
    Austin, Texas 78701-3057
    Telephone: (512) 391-6100
    Fax: (512) 391-6149

        – AND –

    **JONES, WALKER, WAECHTER,
    POITEVENT, CARRÈRE & DENÈGRE, L.L.P.**

By: */s/ Nan Roberts Eitel*
    Nan Roberts Eitel
    Louisiana Bar No. 19910
    The Watergate
    2600 Virginia Avenue, NW
    Suite 1113
    Washington, DC 20037
    Telephone: (202) 944-1105
    Fax: (202) 944-1109

R. Patrick Vance
Louisiana Bar No. 13008
Southern District Texas Bar No. 30331
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Fax: (504) 589-8302

COUNSEL FOR ORIX CAPITAL MARKETS, LLC, AS THE SPECIAL SERVICER FOR THE TRUST FOR CERTIFICATEHOLDERS OF THE MERRILL LYNCH MORTGAGE INVESTORS, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 1999-C, ON BEHALF OF THE TRUST AND IN THE NAME OF WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE TRUST, AND WELLS FARGO BANK, N.A., TRUSTEE OF THE MLMI 1999-C1 TRUST

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic means on February 8, 2008, or by regular first class mail on February 11, 2008, on all parties listed below:

Rodney Tow
Tow & Koenig, PLLC
26219 Oak Ridge Drive
The Woodlands, Texas 77380
**Chapter 7 Trustee**

Gary Cruciani
Leonard A. Hirsh
Karen E. Sprole
Diamond McCarthy Taylor Finley & Lee LLP
1201 Elm Street, Suite 3400
Dallas, Texas 75270

Kyung S. Lee
Jason M. Rudd
Clifford H. Walston
Diamond McCarthy Taylor Finley & Lee LLP
Two Houston Center
909 Fannin, Suite 1500
Houston, Texas 77010
**Counsel for Chapter 7 Trustee**

Matthew J. Schroder
Jeremy Williams
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
**Counsel for UBS Real Estate Securities, Inc.**

Stephen H. Kupperman
Barrasso Usdin Kupperman Freeman & Sarver
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
**Counsel for Rodrick L. Hughes and
Main & Marietta, LP**

Andrew R. Harvin
Peter B. Wells
Doyle, Restrepo, Harvin & Robbins, LLP
JPMorgan Chase Tower
600 Travis Street, Suite 4700
Houston, Texas 77002
**Counsel for Rodrick L. Hughes and
Main & Marietta, LP**

Jon P. Bohn
Bohn & Ducloux
806 Main Street, Suite 1411
Houston, Texas 77002
**Counsel for Super Future Equities, Inc.**

Jeffrey Wayne Glass
Attorney at Law
2401 Fountainview, Suite 1000
Houston, Texas 77057
**Counsel for Azita Management, Inc. and
Azita Berglund, Individually**

Robert L. Paddock
Charlie Lestage
Thompson & Knight LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
**Counsel for Universal Sourcing, LLC**

Edward L. Rothberg
Hugh M. Ray, III
Weycer Kaplan Pulaski and Zuber PC
1400 Summit Tower
11 Greenway Plaza
Houston, Texas 77046
**Co-Counsel for Schumann Rafizadeh**

Matthew Scott Okin
Okin & Adams LLP
1113 Vine St., Suite 201
Houston, Texas 77002

Robert J. E. Edwards
Amy E. Hatch
David D. Ferguson
Polsinelli Shalton Flanigan Suelthaus PC
700 West 47th Street, Suite 1000
Kansas City, Missouri 64112
**Counsel for KeyCorp Real Estate Capital Markets, Inc.**

Bahar Development, Inc
1501 N. Main Street
PO Box 485
Highlands, Texas 77562
**Debtors**

John F. Higgins, IV
Thomas Andrew Woolley, III
Porter & Hedges LLP
1000 Main St, 36th Floor
Houston, Texas 77002-6336
**Counsel for Schumann Rafizadeh, Flash Vos, Inc., United Rafizadeh Family, L.L.P., Rafizadeh LLC, MBA Services, Inc., HOOBI, LP, HOOBIGP, LLC, HOAPT, LP, HOAPTGP, LLC, COOB, LP, COOBGP, LLC, ATOB, LP, ATOBGP, LLC, KEYLD, LP, HEYLDGP, LLC, KEYUT, LP, KEYUTGP, LLC and KEOBGP, LLC**

Philip G. Eisenberg
Locke Liddell & Sapp
600 Travis, Suite 3400
Houston, Texas 77002
**Counsel for Debtors**

Office of the US Trustee
515 Rusk Ave., Ste 3516
Houston, Texas 77002
**US Trustee**

## Creditors

Braden Gonzalez & Associates
228 St Charles Ave., Suite 12.30
New Orleans, LA 70130

Flash Vos, Inc.
c/o Locke Liddell & Sapp, LLP
600 Travis, Suite 3400
Houston, Texas 77002

United States Bankruptcy Court
PO Box 61288
Houston, Texas 77208

Darren Ruffin, Deceased
Justin Ruffin, Deceased
c/o Vernell Byrd
2700 Whitney Avenue
Harvey, LA 70058

Flash Vos, Inc.
806 Main Street, Suite 1200
Houston, Texas 77002

Internal Revenue Service
Special Procedures Insolvency Section
1919 Smith
STOP 5022 HOU
Houston Texas 77002

Joseph G. Epstein
Winstead Sechrest & Minick, PC
910 Travis St., Suite 2400
Houston Texas 77002

Keenan McDaniels
c/o Pierre F Gaudin
1088 Fourth Street
Gretna, LA 70053

Kejuan Ellington
c/o Hilary G. Gaudin
PO Box 156
Gretna, LA 70054

Kiajuanda McDaniels
c/o Pierre F. Gaudin
1088 Fourth Street
Gretna, LA 70053

Gabriael Navia
c/o Nelson J. Cantrelle, Jr.
2508 Cedar Lawn Drive
Mairero, LA 70072

Monique Marshall
Hilary G. Gaudin
PO Box 156
Gretna, LA 70054

Paine Webber Real Estate
1285 Avenue of the Americas
New York, NY 1001905

Rodney Borden
c/o Mark Belloni
3222 Behrman Place
New Orleans, LA 70114

Securities & Exchange Commission
Bankruptcy Section
500 West Madison, Suite 1400
Chicago, IL 60661

St. Paul Federal Bank
6700 W. North Ave.
Chicago, IL 60635

Victoria McDaniels
c/o Hilary G. Gaudin
PO Box 156
Gretna, LA 70054

Imtiaz Munshi
Munshi, Arjunani et al
3050 Post Oak Blvd., Suite 550
Houston, Texas 77056

Louisiana Workers Comp
ATTN: Chad S. Berry
2237 S. Acadian Thruway
Baton Rouge, LA 70808

MBA Services, LLC
800 E. Commerce, Suite 212
Harahan, LA 70121-3455

Reginald Ward
c/o W. Steven Winter
9337-B Katy Freeway, Ste 334
Houston, Texas 77024-1515

Lavon Jenkins
c/o Gaudin & Gaudin
PO Box 156
Gretna, LA 70054

Love Funding Corporation
21 White Oaks Lane
Hattisburg, MS 39402

Marie Brown
c/o Hilary Gaugin
PO Box 156
Gretna, LA 70054

Marie Brown
c/o Matek Law Offices
77 West Washington, Ste 1313
Chicago, IL 60602

Louisiana Dept. of Environmental Quality
Office of the Secretary
Legal Affairs Division
PO Box 4302
Baton Rouge, LA 70821-4302

Alliance General Insurance Co.
c/o Matek Law Offices
77 West Washington, Ste 1313
Chicago, IL 60602

Carolyn Poston
c/o Al Thompson, Jr.
400 Poydras St., Suite 2000
New Orleans, LA 70130

Clarendon American Insurance
c/o Michele Duprey Ahlers
PO Box 8288 Suite 1400
Metairie, LA 70011-8288

Blaine F. Bates
Haynes & Boone, LLP
One Houston Center
1221 McKinley, Suite 2100
Houston, Texas 77010

Leonard P. Goldberger, Esquire
Stevens & Lee, PC
1818 Market St, 29th Floor
Philadelphia, PA 19103

Fred Raymond Corliss
c/o Darleen Jacobs
823 St Louis Street
New Orleans, LA 70112

John L. McCorkle
c/o Claude A. Schlesinger
639 Loyola Ave., Suite 2500
New Orleans, LA 70113

Kristen M. Rhodes
c/o Robert Creely
901 Derbigny Street
Gretna, LA 70054

LA Dept of Environmental Quality
c/o Environmental Compliance Enforce
PO Box 82215
Baton Rouge, LA 70884

Sherry Watters
c/o Amato & Creely
901 Derbigny Street
Gretna, LA 70054

Tabitha Brock-Washington
c/o Craig Mitchell
1010 Common Street #2000
New Orleans, LA 70112

William Guitart
c/o Romualdo Gonzalez
612 Cravier St., 4th Floor
New Orleans, LA 70130

/s/ Ruth A. Van Meter
Ruth A. Van Meter